IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHLEEN LATIMER, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:08-CV-072-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United

States District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.      NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B.      PARTIES

Petitioner Kathleen Latimer, TDCJ-ID #01353740, is confined by the Texas Department of

Criminal Justice, Correctional Institutions Division, in the Mountain View Unit, Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

C.      CASE HISTORY

A Tarrant County, Texas grand jury indicted Latimer in Cause No. 0920588A for the capital

murder of Laura Crane on or about January 30, 2004, in the course of committing or attempting to commit the offense of kidnapping. (State Habeas R. 49). On February 6, 2006, Latimer pleaded guilty pursuant to a plea bargain in Criminal District Court No. 2, Tarrant County, Texas, to the lesser included offense of murder and received a life sentence. (State Habeas R. 55, 57). Latimer filed no direct appeal, but has filed one state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order based on the findings of the trial court without a hearing. *Ex parte Latimer*, No. 69,036-01 (Tex. Crim. App. Jan. 9, 2008). Latimer filed her federal petition for writ of habeas corpus on February 1, 2008.

D.    ISSUES

Latimer alleges the following as grounds for relief:

1.    Her guilty plea was unlawfully induced, involuntary, and made without an understanding of the nature of the charge and consequences of her plea;

2.    The evidence is legally insufficient to establish that she is guilty of murder;

3.    The prosecutor failed to honor its plea-bargain offer;

4.    The trial court did not have jurisdiction over her case;

5.    Her sentence is unconstitutionally excessive; and

6.    She was denied the effective assistance of counsel because her defense attorney
      a.    failed to arrange a mental health evaluation to assess Latimer's use of psychotropic medications while awaiting trial, her long-term substance abuse, and the viability of a defense based on battered woman's syndrome;
      b.    failed to utilize mitigating factors to benefit Latimer during the plea-bargaining process;
      c.    unduly limited his contact with Latimer;
      d.    did not make the prosecutor adhere to a promise of favorable consideration if Latimer passed a polygraph; and
      e.    failed to prepare a proper defense.

E.      RULE 5 STATEMENT

Respondent challenges Issues 1, 2, 3, 5, and 6 as unexhausted and procedurally defaulted.

F.      LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough—the standard is one of objective reasonableness. *Id.* In addition, state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).

G.      DISCUSSION

1.      Involuntary Plea

Latimer contends that her  guilty plea was unlawfully induced, involuntary, and made without an understanding of the nature of the charge and consequences of her plea. She asserts that she was under the influence of heavy doses of psychotropic medication during the plea negotiations, and only stopped taking the medication a few months before she filed her state application for writ of habeas corpus.  (Pet'r Am. Reply Br. at 2).  Respondent asserts that Latimer's complaint is unexhausted.

In her state application, Latimer presented three issues for review.  She asserted that she was not culpable for Crane's murder because she was acting under duress and in fear of Edward Lee Busby with whom she had a long and abusive relationship.[1] *See generally* TEX. PENAL CODE ANN. § 7.01 (Vernon 2003)(extending criminal responsibility to persons complicit in offense).  She challenged the trial court's jurisdiction on the ground that Crane was murdered in Oklahoma, not Texas.   And third, she complained that defense counsel was constitutionally ineffective because he failed to file appropriate pretrial motions and did not conduct sufficient legal research.

A petition for writ of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies.  28 U.S.C. § 2254(b), (c).  A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement.  *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  The exhaustion requirement is not met if a petitioner presents new legal theories or new factual claims

---

[1]  Latimer and Busby were charged with abducting seventy-eight-year-old Laura Crane, robbing her, and asphyxiating her by covering her mouth and nose with duct tape.  (State Habeas R. 49).  *See Busby v. State*, 253 S.W.3d 661, 663-64 (Tex. Crim. App.), *cert. denied,* 129 S.Ct. 625 (2008).  Busby was convicted of capital murder and sentenced to death.  *Busby*, 253 S.W.3d at 663.

in his federal application.  *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008); *Whitehead v. Johnson*, 157 F.3d 384,387 (5th Cir. 1998).

Moreover, the general rule that a state court must explicitly apply a procedural bar to preclude federal review is not applicable to cases in which the petitioner failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims procedurally barred.  *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed. 2d 640 (1991).  The Texas Court of Criminal Appeals reviews a successive application only in limited circumstances:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>     (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>     (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Tex. Code Crim. Proc. Ann.  art. 11.07, § 4(a) (Vernon 2005).  There is no showing that Latimer can meet one of these exceptions to prevent dismissal of any successive state application that she may file.  The Texas Court of Criminal Appeals applies the abuse-of-the-writ doctrine regularly and strictly, and the doctrine is an adequate state procedural bar for purposes of federal habeas review.  *Emery v. Johnson,* 139 F.3d 191, 195 (5th Cir.1997); *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir.1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.1995).

The procedural bar may be excused if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. *Coleman v. Thompson*, 501

U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Ries*, 522 F.3d at 523-24. A showing of cause requires that some objective factor external to the defense impeded efforts to comply with the State's procedural rule, such as the factual or legal basis for a claim was not reasonably available to the petitioner, or that some interference by officials made compliance impracticable. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008). Latimer has asked that the court liberally view her pleadings because she is proceeding pro se, but a petitioner's pro se status does not constitute "cause" to excuse a procedural default. *See Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir.1991). Because there is no showing of cause, the court need not consider whether there is actual prejudice. *Rodriguez v. Johnson* , 104 F.3d 694, 697 (5th Cir.1997). Instead, the only way that Latimer can proceed is to establish that a fundamental miscarriage of justice would result if the court refused to entertain her claims. *Id*. *See generally McClesky v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

The miscarriage-of-justice exception applies in only the rare and extraordinary case. *See Schlup v. Delo*, 513 U.S. 298, 321-322, 115 S.Ct. 851, 864, 130 L.Ed.2d 808 (1995); *Rodriguez*, 104 F.3d at 697. The exception requires a demonstration of the petitioner's actual innocence, not merely the legal innocence that would arise whenever a constitutional violation by itself requires reversal. *See Coleman*, 501 U.S. at 750, 111 S.Ct. 2546; *Rodriguez*, 104 F.3d at 697. Essentially, the petitioner must show that, as a factual matter, she did not commit the crime for which she was convicted. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). And if the government has forgone more serious charges in the course of plea bargaining, the petitioner's showing of actual innocence must also extend to those charges. *See Bousley v. United States*, 523 U.S. 614, 623-624,

118 S.Ct. 1604, 1611-12, 140 L.Ed.2d 828 (1998).  The Fifth Circuit also has determined that a showing of facts that are  highly probative of an affirmative defense which if accepted by a jury would result in the defendant's acquittal constitutes a sufficient showing of  actual innocence. *Finley*, 243 F.3d 215 (5th Cir.2001).

A petitioner who argues a miscarriage of justice must support his allegations with new, reliable evidence that was not presented at trial and must show it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.  *Schlup*, 513 U.S. at 327, 115 S.Ct. at 851.  This requires a stronger showing than that needed to establish prejudice.  *Id*., 115 S.Ct. at 851. Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence.  *See id*. at 324, 115 S.Ct. at 851.  Latimer's self-serving and conclusory assertions in her pleadings that she acted under duress and only in a secondary role with respect to Crane's abduction and murder do not present a colorable showing of factual innocence.[2] *See Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)(plurality opinion).  Because Latimer has established no exception to excuse her procedural default, the district court is barred from reviewing any claim that Latimer failed to fairly present to the state court, including her new challenge to the validity of her guilty plea.

2.      Sufficiency of the Evidence

Latimer asserts that the evidence is insufficient to support her conviction.  The state habeas court rejected this claim as not cognizable because state law required that challenges to the

---

[2]  Nor does this information appear to be new. Defense counsel provided an affidavit that reflects that the possibility of a duress defense was investigated before Latimer entered her guilty plea.   (State Habeas R 30).

sufficiency of the evidence be raised on direct appeal, not through a collateral attack on the judgment.  (State Habeas R. 37).

Texas has long held that sufficiency of the evidence claims are not cognizable in state habeas proceedings. *See Renz v. Scott*, 28 F.3d 431, 432 (5th Cir.1994).  The state court's rejection of Latimer's claim is based on an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-07, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).   Latimer has not demonstrated cause and prejudice or that a fundamental miscarriage of justice will result if the district court declines to review her claim.  Moreover, the state court noted that Latimer signed a judicial confession, which constitutes some evidence to support her conviction for murder.  (State Habeas R. 37).  Under Texas law, a judicial confession which stipulates to the factual content in an indictment provides a strong enough evidentiary basis to support a judgment of conviction on the charge without the need for any corroborating evidence.  *See Dinnery v. State*, 592 S.W.2d 343, 352 (Tex. Crim. App. 1979).  No federal constitutional issue is raised by the failure of the Texas state courts to require evidence of guilt corroborating a voluntary plea.  *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir.1986).  Latimer is not entitled to relief based on her complaint of insufficient evidence.

3.      Plea-Bargain Offer

Latimer asserts that the state did not abide by its promise to give favorable consideration to her case if she passed a polygraph examination.  Latimer did not raise this complaint in the state court proceedings and she has not made the necessary showing to overcome the procedural bar presented.  In addition, she provides nothing but her own assertions that any such promises were made, the terms of any agreement, or that she took and passed a polygraph examination. *Cf. Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir.1985)(requiring proof of exact terms of alleged promise

and when, where, and by whom the promise was made, and identity of any eyewitnesses to the promise). Defense counsel confirmed that no firm offers were extended to Latimer other than the offer of a life sentence on the reduced charge of murder and that Latimer's demands for a twenty-year sentence were flatly rejected. (State Habeas R. 31-33, 43 ).  This issue is procedurally barred and meritless.  4.      Lack of Jurisdiction

Latimer asserts that the state court judgment is void for lack of jurisdiction because Crane's body was found in Oklahoma.  The Texas Court of Criminal Appeals rejected Latimer's challenge, and Latimer fails to demonstrate that this determination is contrary to or an unreasonable application of clearly established federal law.

Under state law, jurisdiction exists if either the conduct or a result that is an element of the offense occurs in Texas.  *See Rodriguez v. State*, 146 S.W.3d 674, 677 (Tex. Crim. App. 2004).  *See generally* Tex. Penal Code Ann. § 1.04 (specifying reach of Texas courts' criminal jurisdiction). The state court found that Crane was abducted from a parking lot in Fort Worth, Texas, duct tape was put on her face, and she was placed in the trunk of her car while she was in Texas.  (State Habeas R. 38-39).  The state court found that at least one element of the capital-murder charge, specifically the kidnapping, occurred in Texas; thus, Texas had territorial jurisdiction to prosecute Latimer and venue was proper in Tarrant County, Texas.  (State Habeas R. 39-40).  *See Rodriguez*, 146 S.W.3d at 677 (upholding jurisdiction in capital murder case where victim was kidnapped in Texas and transported to Mexico before the murder).  The state court further found that Texas had territorial jurisdiction to prosecute Latimer even under a straight murder theory because the acts of applying the duct tape and placing Crane in the trunk occurred in Texas.  (State Habeas R. 40).

An absence of jurisdiction of the convicting court is a basis for federal habeas corpus relief

cognizable under the Due Process Clause. *Lowery v. Estelle*, 696 F.2d 333, 337 (5th Cir.1983). But Latimer is complaining of a decision by the highest court of the state interpreting state law in favor of a finding of jurisdiction. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Moreover, there is no indication that the state court determination infringes on any clearly established federal law. The Supreme Court has recognized that a state court's jurisdiction can extend even to acts done outside a jurisdiction, but intended to produce and producing effects within it, and has found that a state would be justified in punishing the cause of the harm just as if he had been present in the state. *Strassheim v. Daily*, 221 U.S. 280, 284-85, 31 S.Ct. 558, 560, 55 L.Ed. 735 (1911). Latimer is accused of an offense that was set in motion in Fort Worth, Texas, regardless of where the offense culminated. *Cf. Heath v. Jones*, 941 F.2d 1126, 1138-39 (11th Cir. 1991)(rejecting Alabama petitioner's jurisdictional challenge because sufficient nexus existed between state and offense that began with kidnapping in Alabama even though murder took place in Georgia). Latimer has not rebutted the state court's underlying findings of fact, and has not demonstrated that the state court has reached a decision that is contrary to or an unreasonable application of clearly established federal law.

5.     Excessive Sentence

Latimer asserts that her life sentence for murder, with the possibility of parole in thirty years, is unconstitutionally excessive. She did not present this complaint in her state habeas application and has not overcome her failure to exhaust with a showing of cause and prejudice. Furthermore, the Supreme Court has not extended the miscarriage-of-justice exception to excuse the procedural default of constitutional claims challenging non-capital sentencing error, and it does not appear that

Latimer's situation would qualify even if that exception otherwise applies to allegations of non-capital sentencing errors. *See Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 1852 (2004).

Federal courts should be reluctant to review legislatively mandated terms of imprisonment. *See Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam). The Eighth Amendment prohibits sentences that are grossly disproportionate to the offense, but the contours of this prohibition are unclear and apply only in the exceedingly rare or extreme case. *See Lockyer v. Andrade*, 538 U.S. 63, 72-73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Latimer's punishment does not exceed the approved statutory range, and she has not attempted to show that she is somehow "actually innocent" of a life sentence or that her case is one of those exceedingly rare or extreme cases that present an Eighth-Amendment violation. *See* TEX. PENAL CODE ANN. § 12.32 (Vernon 2003)(providing that first-degree felony is punishable by a term of imprisonment up to ninety-nine years or life). The federal courts are barred from reviewing Latimer's claim.

6.      Ineffective Assistance of Counsel

Latimer asserts that defense counsel Danny Burns rendered ineffective assistance of counsel in violation of the Sixth Amendment. Latimer asserts that counsel's performance was deficient in a number of respects: Counsel failed to consider or investigate the need for a mental health evaluation in light of Latimer's use of psychotropic medications, long-term alcohol and drug abuse, and the viability of a defense based on a battered woman's syndrome; counsel failed to utilize mitigating factors to benefit Latimer during the plea-bargaining process; counsel limited his contact with Latimer to 5-minute discussions during collect calls that she placed from the jail; counsel did not make the prosecutor adhere to a stipulation that Latimer's case would receive favorable consideration if she passed a polygraph; and counsel failed to prepare a proper defense. In her state

habeas application, Latimer argued only that defense counsel failed to file motions on her behalf and did not devote a sufficient amount of time to researching her case.   Accordingly, she is procedurally barred from raising new claims that were not presented to the state courts.

As for Latimer's complaints that are exhausted, the two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984).   The first prong  requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id.* at 687, 104 S.Ct. at 2064.  The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  *Id.* at 694, 104 S.Ct. at 2068.  The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one.  *Id.* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674.

Claims of ineffective assistance are mixed questions of law and fact.  *Id.* at 698, 104 S.Ct. at 2070.  Because the state court denied relief on Latimer's Sixth Amendment claim, the federal court cannot grant habeas relief unless the state court's decision involved an unreasonable application of the law to the facts.  28 U.S.C. § 2254(d)(1).  Moreover, a valid guilty plea waives all preceding non-jurisdictional defects including a claim of ineffective assistance of counsel unless the ineffective-assistance claim affects the voluntariness of the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Ineffective assistance of counsel that satisfies the *Strickland* test may render a guilty plea involuntary.  *See Diaz v. Martin*, 718 F.2d 1372, 1378 (5th Cir. 1983).  *See also  Hill v. Lockhart*,

474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed. 203 (1985) (applying *Strickland* to complaints of counsel's performance related to client's decision to plead guilty). The duty of an attorney to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz,* 733 F.2d 371, 374 (5th Cir. 1984); *Moya v. Estelle,* 696 F.2d 329, 332 (5th Cir. 1983). A defendant who pleads guilty can satisfy the prejudice prong of *Strickland* only by alleging that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. *Hill,* 474 U.S. at 59, 106 S.Ct. at 370. This assessment partially turns on a prediction of what the outcome of a trial might have been. *Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005).

The state habeas court gave great weight to the affidavit that Burns submitted during the state habeas proceedings. Burns affirmed that he contacted Latimer after he was appointed as her attorney, but by this point, Latimer had appeared on television and substantially confessed to the murder. (State Habeas R. 41). Burns made some preliminary inquiries about the character of the victim and learned that Crane had a favorable reputation. He also contacted Latimer about possible defense witnesses, but had no success in contacting the witnesses that Latimer identified. (State Habeas R. 42). Burns then requested and was granted the assistance of an investigator, who acquired some useful information that was not completely favorable to Latimer's claims of duress. The State also turned over exculpatory information that Busby had a history of abusing Latimer. (State Habeas 30). When Burns questioned Latimer about the details of the offense, she told him that she and Busby had kidnapped Crane, tied her up, taped her mouth, and placed her in the trunk of her car. Latimer also admitted that at one point she went to the trunk, hit Crane, and told Crane to shut up, and that she had complained to Busby that Crane was making too much noise and he

-13-

needed to "shut her up."  (State Habeas R. 31, 42).  Latimer told Burns that she was not afraid of

Busby and admitted she had done nothing to help Crane.  (State Habeas R. 30-31, 42).

Latimer wanted to avoid a trial and asked Burns to work out a twenty-year plea bargain in

exchange for her cooperation in the case against Busby.  (State Habeas R. 31, 43). The State rejected

that deal, but was willing to consider any assistance that Latimer offered.  (State Habeas R. 43).

Although Burns cautioned Latimer that she would need to be honest, candid and forthcoming,

Latimer gave information to the prosecutors that did not comport with physical evidence.  (State

Habeas R. 32, 43).  The State later offered to waive the death penalty if Latimer pleaded guilty to

capital murder, but Latimer rejected this offer on the advice of her attorney.  (State Habeas R. 43).

Burns told Latimer that he believed that the State might be able to obtain a conviction for capital

murder, but not a death sentence; however, he also cautioned Latimer that she was not a good

witness.  (State Habeas R. 31).  Burns then asked the prosecutor to consider a thirty-year sentence.

The State was unwilling to offer a total sentence of thirty years, but did offer the possibility of a plea

to first-degree murder, which would make Latimer eligible for parole in thirty years.  (State Habeas

R. 32-33, 43).  Burns advised Latimer that this offer was the best they could hope for with her

version of the facts and would accomplish what they had wanted.  (State Habeas R. 33, 44).  Latimer

decided to plead guilty.[3]  (State Habeas R. 44).

The state court found that Burns conducted a reasonable investigation and provided Latimer

---

[3] Burns did opine that Latimer felt pressured by her father to take the deal and by the prosecution's threats to seek the death penalty if the case was tried.  (State Habeas R. 35).  But pleading guilty to avoid the possibility of a harsher penalty does not demonstrate that a plea was not the product of a free and rational choice. *North Carolina v. Alford,*  400 U.S. 25, 31-32, 91 S.Ct. 160, 164-165, 27 L.Ed.2d 162 (1970). *See also Santobello v. New York*, 404 U.S. 257, 260-61, 92 S.Ct. 495, 497-98, 30 L.Ed.2d 427 (1971)(recognizing that act of plea bargaining does not render guilty plea involuntary per se).

-14-

with adequate representation, and further found no reasonable probability of a different outcome but for Burns' performance that was sufficient to undermine confidence in Latimer's conviction and sentence. (State Habeas R. 45-46). Latimer has not produced any evidence, much less clear and convincing evidence, to rebut the state court findings. The state court record reflects that the facts of her case were bad, that Burns' investigation was reasonable, and that she and Burns discussed the consequences and advisability of a plea bargain. In addition, she has not demonstrated that further investigation would have disclosed additional evidence that would have caused a constitutionally effective attorney to advise her to plead not guilty and refuse the State's offer. *See Armstead v. Scott*, 37 F.3d 202, 206-07 (5th Cir. 1994)(noting that prejudice prong for deficient performance depended on likelihood that counsel would have changed plea recommendation). Latimer has not demonstrated that the state court's determination is an objectively unreasonable application of clearly established federal law.

H.      EVIDENTIARY HEARING

Latimer requests an evidentiary hearing. There are statutory prerequisites for holding an evidentiary hearing:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

-15-

28 U.S.C. § 2254(e)(2).  *See also Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 1488, 146 L.Ed.2d 435 (2000).  Latimer satisfies none of these circumstances.

Even if the statutory prerequisites are met, Rule 8 of the Rules Governing Section 2254 Cases vests the district court with discretion in conducting an evidentiary hearing.  *See Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000).  When the district court has sufficient facts before it to make an informed decision, it does not abuse its discretion in declining to hold an evidentiary hearing.  *Barrientes v. Johnson*,  221 F.3d 741, 770 (5th Cir. 2000).  Conclusory allegations unsupported by specifics, or contentions that in the face of the record are wholly incredible will not entitle the petitioner to discovery or a hearing.  *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Latimer has not established that she is entitled to a hearing under Section 2254(e)(2) or that the trial court should exercise its discretion in favor of a hearing.

<u>RECOMMENDATION</u>

The petition for writ of habeas corpus should be denied.  The request for an evidentiary hearing should be denied.

<u>NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT</u>

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until April 14, 2009. The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

<u>ORDER</u>

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until April 14, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED MARCH 23, 2009.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE