IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHLEEN LATIMER, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-072-A |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

## O R D E R

Came on for consideration the above-captioned action wherein Kathleen Latimer ("Latimer") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On March 23, 2009, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that Latimer file objections, if any thereto, by April 14, 2009. Latimer timely filed her objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is

---

[1] Applicant refers to her application as "petition" and to herself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

made.  United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Latimer raises three objections to the FC&R. Specifically, Latimer objects to (1) the finding that she has procedurally defaulted on her claim that her guilty plea was unknowing and involuntary, (2) the magistrate judge's characterization that the district attorney never extended a firm offer to her, and (3) the finding that she failed to show deficient conduct on the part of her trial counsel, Danny Burns ("Burns").[2]

Latimer first objects to the magistrate's finding that she failed to show "cause" for procedurally defaulting on her claim that her guilty plea was unknowing and involuntary. In support, Latimer contends that she was on high doses of psychotropic medicine while awaiting trial. Latimer, however, was not on these medications when she submitted her state habeas application. See Am. Reply at 9. Contrary to her contentions, Latimer has not shown the existence of a factual basis for her claim that was not reasonably available to her prior to submitting the state habeas application, or anything else to show cause for her procedural default. See Smith v. Quarterman, 515 F.3d 392, 403 (5th Cir. 2008). This objection is without merit.

---

[2] Latimer also generally objects to all findings listed under the heading "Ineffective Assistance of Counsel" in the FC&R. Because this objection is conclusory, the court need not address it. See Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

2

Latimer next argues that the magistrate judge was incorrect in stating that Burns "confirmed that no firm offers were extended to Latimer other than the offer for a life sentence on the reduced charge of murder and that Latimer's demands for a twenty-year sentence were flatly rejected." FC&R at 9. Having read Burns's affidavit, the court is satisfied that this objection is without merit.

Latimer finally objects to the magistrate judge's finding that, with respect to her ineffective assistance of counsel claim, she failed to prove that Burns's conduct was deficient. Latimer argues that she has shown that Burns's representation was deficient because, according to her, he did not spend enough time on her case. This argument, however, is insufficient to show that she received ineffective assistance of counsel. See Bower v. Quarterman, 497 F.3d 459 (5th Cir. 2007); Diaz v. Martin, 718 F.2d 1372, 1378 (5th Cir. 1983). Latimer has failed to make any showing that Burns did not provide her with constitutionally adequate representation. This objection is without merit.[3]

Therefore,

The court accepts the findings, conclusions, and recommendation of the magistrate judge and ORDERS that the application of Kathleen Latimer for writ of habeas corpus

---

[3] Similarly, the court finds Latimer's argument, that the magistrate judge erred in considering the affidavit Burns submitted in the state habeas proceedings because there was no independent evidence to support the affidavit, to be frivolous.

3

pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED April 17, 2009.

_____
JOHN McBRYDE
United States District Judge